EUGENE BROWN, PROSECUTOR, v. ABRAHAM SCHWARTZ, RESPONDENT.

Submitted October term, 1932—Decided March 6, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Cox & Walburg* (*Arthur F. Mead,* of counsel).

For the respondent, *Henry Hershoff* and *Herman B. J. Weckstein.*

PER CURIAM.

The writ of *certiorari* was allowed in this case to review an order made by the judge of the District Court of the Second Judicial District of Essex county made on May 20th, 1932, transferring a cause pending therein to the Circuit Court of that county, and directing that the order should be entered *nunc pro tunc* as of July 30th, 1927.

A summons was issued in the cause in the District Court on June 10th, 1927. On July 23d, 1927, on motion of counsel for the defendant, an order was made by a judge of the Circuit Court of Essex county directing the transfer of the record of the case and all papers filed therein to that court. A counter-claim demanding $1,000 damages was filed by the defendant in the Circuit Court. Several notices of trial of the case in the Circuit Court were given but the case hung fire and was not tried. Thereafter plaintiff's counsel gave notice in the Circuit Court of a motion to dismiss the counter-claim on the ground, among others, that the Circuit Court had no jurisdiction to entertain it and that the suit had been illegally removed to the Circuit Court, a week later giving notice of an additional motion to set aside the order of July 23d, 1927, transferring the cause from the District Court to the Essex Circuit Court. In the meantime on May 14th, 1932, the counter-claim was filed in the District Court as though the action were still pending in that court and on May 20th, following, the order complained of was made

We have been pointed to no authority and can find none to justify the order of the Circuit Court judge. The attempted transfer of July 23d, 1927, was without legal authority and void. This order being of no effect, the cause was still pending in the District Court when the counter-claim of May 14th, 1932, was filed.

As the law stood when the action was instituted in the District Court, section 1, chapter 120 of the laws of 1925 (page 341), provided that upon the filing of a counter-claim exceeding the jurisdiction of the District Court the cause could be transferred by the District Court judge into the Circuit Court. In 1928, however, this section was amended

by chapter 152 (page 308), and the counter-claim justifying such transfer, was limited to liquidated damages. It was so held by Judge Mackay in *Tigler* v. *Fabrics Finishing Corp.,* 8 *N. J. Mis. R.* 303; 150 *Atl. Rep.* 228, and by Judge Eldredge in *Toone* v. *Skorupski,* 9 *N. J. Mis. R.* 381; 154 *Atl. Rep.* 621, and we agree with their construction of the act. The counter-claim in the present case is undoubtedly for unliquidated damages and could not be properly filed, or if filed, justify the transfer. This being true it follows that the direction that the order be filed *nunc pro tunc* was likewise without legal effect and void.

The entire order of transfer is therefore set aside.